UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN WINDSOR | CIVIL ACTION |
| VERSUS | NO: 10-202 |
| HOWARD PRINCE | SECTION: "J" |

## ORDER & REASONS

Before the Court is a *Motion for Relief from Judgment* **(Rec. Doc. 27)** filed by *pro se* Petitioner Stephen Windsor ("Petitioner") and an opposition thereto (Rec. Doc. 30). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

In 1997, Petitioner was convicted on state charges of attempted armed robbery and illegal use of a firearm and was sentenced to twenty years in prison on the firearm count and received an enhanced sentence of 99 years' imprisonment on the attempted armed robbery count after being adjudicated a second offender under Louisiana's Habitual Offender Law. (Rec. Doc. 14 at 1-2). Petitioner's convictions and 99-year sentence were affirmed by the Louisiana Fourth Circuit Court of Appeal, and the case was remanded for re-sentencing on the firearm count to correct a discrepancy. (Rec. Doc. 14 at 2-3). On remand, Petitioner was again sentenced to twenty years on the firearm count. On September 21, 2001, the Louisiana Supreme

Court denied Petitioner's writ application. (Rec. Doc. 14 at 3). Petitioner did not apply to the United States Supreme Court for *certiorari*. (Rec. Doc. 14 at 3).

Between 2002 and 2018, Petitioner litigated at least eight applications for post-conviction relief in state court, as well as a second appeal and a motion to vacate his adjudication and sentencing as a multiple offender. *See* Response, *Windsor v. Tanner* 7-15, Civ. Action No. 16-2709 (E.D. La. Nov. 16, 2016). On January 25, 2010, Petitioner filed a petition for writ of habeas corpus, which this Court dismissed with prejudice as untimely on December 2, 2010. (Rec. Docs. 1, 17). Petitioner's appeal of this Court's decision to the Fifth Circuit was denied (Rec. Docs. 19, 24). On November 30, 2011, the Supreme Court denied Petitioner's request for *certiorari*. (Rec. Docs. 2, 6). The Fifth Circuit also denied applications that Petitioner submitted in 2011 and 2015 for leave to file a second or successive habeas petition. Order, *In re: Stephen Windsor*, 11-31054 (5th Cir. Jan. 5, 2012); Order, *In Re: Stephen Windsor*, 15-30177 (5th Cir. Apr. 23, 2015). Nevertheless, Petitioner filed another habeas petition in 2016, which the Court found successive and dismissed for lack of jurisdiction on June 6, 2018. Report and Recommendation, *Windsor v. Tanner*, Civ. Action No. 16-2709 (E.D. La. Aug. 23, 2017); Order, *Windsor v. Tanner*, Civ. Action No. 16-2709 (E.D. La. June 6, 2018). A third application for leave to file a successive petition is currently pending before the Fifth Circuit. Application, *In re: Stephen Windsor*, 19-30281 (5th Cir. Apr. 12, 2019).

On November 15, 2017, Petitioner filed the instant Rule 60(b) motion for relief from judgment. (Rec. Doc. 27). Petitioner seeks to vacate the judgment against him. (Rec. Doc. 27 at 20). The motion is presently before the Court on the briefs.

## **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 60(b) provides that a court, "[o]n motion and just terms," may "relieve a party or its legal representative from a final judgment, order, or proceeding" under the following enumerated circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

As the moving party, Petitioner has the burden to show why the Court should vacate the Court's prior judgment. *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F. 3d 421, 438 (5th Cir. 2011). However, granting relief under Rule 60 is "an extraordinary remedy which should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to vacate a judgment is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478.

The Supreme Court has made clear that Rule 60(b) in federal habeas cases is not to be used to attack the district court's resolution of a claim on the merits; rather

Rule 60(b) motions may attack a "defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532–34 (2005). Further, Rule 60 cannot be used to present new claims for relief from the state court conviction unless the motion relies on either a new rule of constitutional law or newly discovered facts as required under AEDPA. *Id.* at 531–532, citing § 2244(b)(2). Motions that purport to be Rule 60(b) motions, but which "attack[] the federal court's previous resolution of a claim *on the merits*" are to be construed as successive habeas petitions. *Id.* at 532 (emphasis in original). Federal courts are limited in their ability to consider "second or successive" habeas applications, and "a claim previously raised must be dismissed." *In re Bower*, 612 F. App'x 748, 752 (5th Cir. 2015); 28 U.S.C. § 2244(b)(1). Rule 60(b) motions are to be construed as successive habeas petitions insofar as they urge substantive claims for habeas relief. 28 U.S.C. § 2244(b); *Gonzalez v. Crosby*, 545 U.S. 425 (2005).

Petitioner asserts that he is challenging this Court's ruling under Rule 60(b)(6). (Rec. Doc. 27). Petitioner argues throughout the briefs that his claims have never been addressed on the merits because they were improperly deemed untimely and repetitive. As such, much of Petitioner's motion focuses on allegations that the State failed to disclose various evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Petitioner argues that the alleged *Brady* violations constitute "manifest injustices" that warrant reopening this matter and permitting Petitioner to file an amended petition. (Rec. Doc. 27 at 20). The Fifth Circuit has noted that "a motion that 'asks the district court for an opportunity to offer facts that (in

the petitioner's view) will prove that his conviction was constitutionally infirm,' raises 'a paradigmatic habeas claim.'" *In re Jasper*, 559 F. App'x 366, 371 (5th Cir. 2014) (quoting *Rodwell v. Pepe*, 324 F.3d 66, 71–72 (1st Cir. 2003)). Accordingly, the fact that Petitioner has raised his *Brady* claims in a Rule 60(b) motion by asserting that they make his case "extraordinary" does not alter their substantive character. *See Gonzalez*, 545 U.S. at 531 (noting that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement[s]…."). Thus, because Petitioner argues the existence of grounds entitling him to habeas relief, he is making a habeas claim and his motion must be treated as a successive habeas petition. Because district courts generally lack jurisdiction to consider second or successive habeas petitions, Petitioner's instant motion must be denied for the reasons previously stated by the Court in dismissing Petitioner's habeas petition in 2016. *See* Report and Recommendation, *Windsor v. Tanner*, Civ. Action No. 16-2709 (E.D. La. Aug. 23, 2017); Order, *Windsor v. Tanner*, Civ. Action No. 16-2709 (E.D. La. June 6, 2018).

Even if Petitioner's motion were not subject to denial for constituting a successive habeas petition, his remaining arguments are unavailing. Specifically, Petitioner argues that the Court erred in denying his original habeas petition as untimely. Relying on *Jimenez v. Quarterman*, 555 U.S. 113 (2009), Petitioner contends that the running of the one-year statute of limitations should be recalculated in light of his second appeal and that he is entitled to equitable tolling.

5

(Rec. Doc. 27 at 7-10). This Court disagrees. A change in decisional law effected after the entry of a judgment does not constitute an exceptional circumstance warranting relief from that judgment. *See Hernandez v. Thaler*, 630 F.3d 420, 430 (5th Cir. 2011) (*per curiam*) (noting that "[w]ell-settled precedent dictates that [petitioner] may not use Rule 60(b)(6) to claim the benefit of the Supreme Court's decision in *Jimenez*."). Moreover, the instant Rule 60(b) motion was not made "within a reasonable time," as is required by Federal Rule of Civil Procedure 60(c)(1). *See Tamayo v. Stephens*, 740 F.3d 986, 991 (5th Cir. 2014) (*per curiam*) (finding district court did not err in concluding that Rule 60 motion based on a Supreme Court decision rendered eight months earlier was untimely).

Additionally, as the Court previously noted in dismissing Petitioner's second habeas proceeding, *Jimenez* is not applicable to the instant case because the rule it established only applies where "a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief…." *See* Report and Recommendation 18-19, *Windsor v. Tanner*, Civ. Action No. 16-2709 (E.D. La. Aug. 23, 2017) (quoting *Jimenez*, 555 U.S. at 121 (2009)). "[T]he rule excludes the very situation presented here[,] where a petitioner … already sought and obtained federal habeas review prior to the resolution of his out-of-time appeal." *Id.* at 19. Finally, Petitioner's arguments that he is entitled to equitable tolling are untimely and meritless in light of Petitioner's failure to rebut the Court's previous determinations in 2010 that

Petitioner failed to show diligence or that he faced an external impediment to filing. Based on the foregoing, Petitioner's Rule 60(b) motion must be denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Motion for Relief from Judgment* **(Rec. Doc. 27)** is **DENIED**.

New Orleans, Louisiana, this 16th day of May, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE